**United States District Court**
For the Northern District of California

1
2
3
4
5              **NOT FOR CITATION**

6        IN THE UNITED STATES DISTRICT COURT

7        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,                    No. CR 09-00356 JSW

10           Plaintiff,                    **ORDER DENYING WITHOUT**
                                           **PREJUDICE MOTION TO**
11       v.                                **DISMISS THE INDICTMENT FOR**
                                           **SELECTIVE PROSECUTION**
12   TROY CONTE,

13           Defendant.
                                        /
14

15                    **INTRODUCTION**

16          Now before the Court for consideration is the Motion to Dismiss the Indictment for

17   Selective Prosecution filed by Defendant Troy Conte ("Conte") Motion to Dismiss the

18   Indictment for Selective Prosecution.  Having considered the parties' papers, relevant legal

19   authority, and the record in this case, the Court finds the matter suitable for disposition without

20   oral argument and DENIES WITHOUT PREJUDICE the motion to dismiss for selective

21   prosecution.  This matter remains on calendar on December 17, 2009, at 2:30 p.m. for a hearing

22   on the pending Motion to Dismiss, or for Suppression or for Instruction re *Trombetta*.

23                    **BACKGROUND**

24          On March 20, 2009, the Government filed a criminal complaint, in which it alleged that

25   "[s]ince at least in or about September 2007, up through and including on or about March 20,

26   2009," Conte "unlawfully, knowingly, and intentionally did distribute, and did possess with

27

28

intent to distribute, a controlled substance, to wit, 50 and more individual marijuana plants."
(Docket No. 1 (Complaint, Attachment A).)

On April 7, 2009, the Government filed an indictment in which it charged Conte with:
(1) Conspiracy to Distribute and to Possess With Intent to Distribute At Least 100 Individual
Marijuana Plants ("Count One"); (2) Distribution and Possession With Intent to Distribute At
Least 50 Individual Marijuana Plants ("Count Two"); (3) Distribution and Possession With
Intent to Distribute Marijuana Plants ("Count Three"); and (4) Using and Maintaining a Place
for the Manufacture, Distribution and Use of a Controlled Substance ("Count Four").  (Docket
No. 15.)

It is undisputed that Conte is a member of the Hell's Angels Motorcycle Club ("Hell's
Angels").  Conte contends that "there is a substantial disparity between the typical marijuana
prosecution in the Northern District of California, and the number of plants alleged in" his case.
(Motion to Dismiss for Selective Prosecution at 5:16-18.)  According to Conte, that disparity
exists because the Government's decision to prosecute him is impermissibly based on his
membership in Hell's Angels.  In support of this argument, Conte submits information
regarding other marijuana related charges filed in the San Francisco division of the Northern
District.  (*See* Docket No. 46 (Declaration of Frederick Anderson ("Anderson Decl. 1"), ¶¶ 2-5,
Ex. A.)  Conte also investigated arrests in Sonoma County for similar charges.  (Declaration of
Cary Davalos ("Davalos Decl.") ¶¶1-5, Ex. A.)  Conte contends that none of the individuals
arrested in Sonoma County who allegedly were in possession of a similar number of marijuana
plants were charged in Federal court.  (Anderson Decl. 1, ¶ 6.)  Conte also submits newspaper
articles regarding investigations into activities of other members of Hell's Angels.

## ANALYSIS

Although the Government may exercise its discretion in determining whom to
prosecute, "the decision whether to prosecute may not be based on 'an unjustifiable standard
such as race, religion or other arbitrary classification.'" *United States v. Armstrong,* 517 U.S.
456, 464 (1996) (quoting *Oyler v. Boyles*, 348 U.S. 448, 456 (1962)).  In this case, Conte
contends that his membership in Hell's Angels is protected by his First Amendment right to

United States District Court
For the Northern District of California

2

1  freedom of association.  Assuming *arguendo* that Conte is correct in this assumption, the Court

2  nonetheless concludes his motion must be denied, albeit without prejudice.

3        A claim for selective prosecution requires a defendant to show that a prosecutorial

4  policy had both a discriminatory effect and a discriminatory purpose.  *Id.*, at 463-65.  In order to

5  establish discriminatory effect, a defendant must satisfy a "demanding" standard and show that

6  similarly situated individuals who do not fall into the protected group could have been, but were

7  not, prosecuted for the same criminal conduct.  *See United States v. Arenas-Ortiz*, 339 F.3d

8  1066, 1068-69 (9th Cir. 2003).  In order to demonstrate discriminatory purpose, a defendant

9  must demonstrate that 'the government undertook a particular course of action at least in part

10  because of, not merely, in spite of its adverse effects upon an identifiable group." *United States*

11  *v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997) (internal quotation marks omitted, brackets in

12  original); *see also Wayte v. United States*, 470 U.S. 598, 610 (1985).

13        Conte moves, in the alternative, for discovery on his selective prosecution claim.  In

14  order to obtain discovery on this issue, Conte must provide "some evidence tending to show the

15  existence of the essential elements" of the claim, namely discriminatory effect and

16  discriminatory intent.  *Armstrong,* 517 U.S. at 468-69.  Although this standard is less

17  demanding than that necessary to obtain dismissal, the Ninth Circuit has stated that it remains

18  "a 'rigorous' one designed to minimize interference with the prosecutorial function." *Arenas-*

19  *Ortiz*, 339 F.3d at 1068 (citing *Armstrong*, 517 U.S. at 468).

20        Conte has submitted evidence that nine individuals arrested in Sonoma County who

21  were alleged to be in possession of a similar number of marijuana plants as are involved in this

22  case were not prosecuted in Federal court and were not members of Hell's Angels.  However,

23  Conte omits from his analysis a "principal characteristic," namely whether those nine

24  individuals have or had a similar criminal history as his.  *See, e.g., Turner*, 104 F.3d at 1185

25  (concluding defendants had not met their burden to show entitlement to discovery where a

26  "principal characteristic" of the defendants was omitted from analysis, namely whether other

27  sellers of crack cocaine also were gang members who sold large quantities of crack").  In

28  addition, Conte puts forth a memorandum issued by the Department of Justice setting forth

**United States District Court**
For the Northern District of California

"guidance to federal prosecutors in states that have enacted laws authorizing the use of medical marijuana." (Declaration of Ronald Tyler, Ex. D (Memorandum dated Oct. 19, 2009 at 1.) That memorandum delineates several factors for prosecutors to consider to determine whether "the conduct [is] not ... in clear and unambiguous compliance with applicable state law and may indicate illegal drug trafficking of potential federal interest." (*Id.* at 2.) Among the factors to be considered are whether there are any indicia of "ties to other criminal enterprises." (*Id.*) The Court expresses no opinion on whether the Hell's Angels are a "criminal enterprise," however the newspaper articles submitted by Conte suggests that he had ties to individuals whom the Government suspected of large scale drug distribution. (*See* Tyler Decl., Exs. C, D, F, G.) To the extent Conte relies on those newspaper articles to support his argument that he was targeted based on his membership in Hell's Angels, the Court notes that the age of the articles undermines any argument that the Government currently is "cracking down" on members of Hell's Angels.

Accordingly, the Court concludes that Conte has not met his burden to show that dismissal is warranted or that he is entitled to discovery on his selective prosecution claim. The Court's ruling, however, is without prejudice to Conte's renewing this motion if during the course of his investigation, he develops additional information in support of this claim.

**IT IS SO ORDERED.**

Dated: December 15, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE