**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TROY CONTE,<br><br>    Defendant.<br>_____/ | No. CR 09-00356 JSW<br><br>**ORDER DENYING IN PART MOTION TO DISMISS OR FOR SUPPRESSION OR FOR INSTRUCTION RE:** ***TROMBETTA*** |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Dismiss or for Suppression or for Instruction re *Trombetta* filed by Defendant Troy Conte. Having considered the parties' papers, relevant legal authority, and the record in this case, and having had the benefit of oral argument, the Court HEREBY DENIES IN PART the motion.

**BACKGROUND**

On March 20, 2009, the Government filed a criminal complaint, in which it alleged that "[s]ince at least in or about September 2007, up through and including on or about March 20, 2009," Conte "unlawfully, knowingly, and intentionally did distribute, and did possess with intent to distribute, a controlled substance, to wit, 50 and more individual marijuana plants." (Docket No. 1 (Complaint, Attachment A).)

//

//

The affidavit in support of the Complaint stated that during a search on or about March 20, 2009, law enforcement officers found approximately 31 marijuana plants inside a home located at 4454 Hargrave Avenue, Santa Rosa, California (the "2009 Search"), and that in or about October 2007, law enforcement officers had found an additional 25-30 plants growing in an shed at the Hargrave Avenue property and approximately 30 additional marijuana plants growing in a yard near the home (the "2007 Search").[1]  (Complaint, Attachment B, ¶¶ 5-6.)  The affidavit also stated that, on or about March 20, 2009, Conte stated to law enforcement officers that "since cultivating the 52-plant cycle in or about September or October 2007, he only had one successful cycle of 32 marijuana plants prior to the present cycle found on March 20, 2009."  (*Id.* ¶ 7.)  Conte submitted an audio recording of two interviews that took place during the 2009 Search.  Upon initial questioning, it appears that Conte states that there were 43 plants in the grow.  (*See* Court's Exhibit 1, File DM100054.wav.)  During a second interview, the law enforcement agent who questioned Conte states that the agents only found 31 plants.  (Court's Exhibit 2, File DM100057.wav.)[2]

Following the 2009 Search, officers photographed the 31 marijuana plants, seized them, took representative samples for testing, and, thereafter, destroyed the plants.  (Docket No. 55 (Declaration of John McCutcheon ("McCutcheon Decl."), ¶ 3-5); Docket No. 49 (Declaration of Ronald Tyler, Ex. B).)  According to the Government, "seized plants are impractical to store: within a relatively short period of time, they begin to rot and degrade into a putrid mush," and storage of plants can be problematic because of insect infestation.  (McCutcheon Decl., ¶ 4.)

On April 7, 2009, the Government filed an indictment in which it charged Conte with: (1) Conspiracy to Distribute and to Possess With Intent to Distribute At Least 100 Individual

---

[1] The officers executing the search in 2007 did not seize any marijuana plants and did not charge Conte, apparently because they determined that Conte was in compliance with California state law and county medical marijuana guidelines.  (*See* Declaration of Ronald Tyler, Ex C (Sonoma County Sheriff's Department Incident/Investigation Report (the "2007 Police Report") at 3).)

[2] Conte submitted the audio recordings to support his arguments that the law enforcement agents were focused on the number of plants.  Conte has not filed a motion to suppress any statements made during the 2009 Search.  The Court has reviewed the audio recordings solely for the purpose of evaluating Conte's arguments on this motion.

1 Marijuana Plants ("Count One"); (2) Distribution and Possession With Intent to Distribute At
2 Least 50 Individual Marijuana Plants ("Count Two"); (3) Distribution and Possession With
3 Intent to Distribute Marijuana Plants ("Count Three"); and (4) Using and Maintaining a Place
4 for the Manufacture, Distribution and Use of a Controlled Substance ("Count Four"). (Docket
5 No. 15.)

## ANALYSIS

Conte moves to dismiss the indictment in light of the Government's failure to preserve the 31 marijuana plants seized during the 2009 Search. In the alternative, Conte seeks either suppression of secondary evidence, such as the photographs taken that day, or a jury instruction that would permit the jury to "infer the destruction of plants against the government." (Motion at 11:25.)

In order to establish that the government's failure to preserve evidence violates due process, a defendant must show that the unavailable evidence possessed 'exculpatory value that was apparent before the evidence was destroyed,'" and that he or she "'would be unable to obtain comparable evidence by other reasonably available means.'" *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993) (quoting *California v. Tombetta*, 467 U.S. 479, 489 (1984)). The defendant also must show that the government acted in bad faith. *Id.* (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). In *Cooper*, the Ninth Circuit noted that the first and third requirements "dovetail," because "[t]he presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." *Id.* (citing *Youngblood*, 488 U.S. at 56-57 n.*).

Conte's argument that the exculpatory value of the plants was apparent to agents conducting the search is premised, in part, upon his claim that he is a qualified patient under the California Medical Marijuana Program. Thus, according to Conte, he could have had an expert examine the plants in an effort to show that the manner in which he maintained them was more consistent with personal use than distribution. Conte contends that officers participating in the search were aware of Conte's status as a medical marijuana patient and, thus, would have

known why the plants – as opposed to photographs or samples – would have had exculpatory value to Conte.

The Court concludes that Conte has not met his burden to show dismissal is warranted. As he acknowledges in his motion, medical use of marijuana is not a recognized affirmative defense to the charges. Moreover, although Conte proffers several theories as to how the themselves plants could have exculpatory value, "[t]he exculpatory value of an item of evidence is not 'apparent' when the evidence merely '*could have*' exculpated the defendant." *United States v. Drake*, 543 F.3d 1080, 1090 (9th Cir. 2008) (quoting *Youngblood*, 488 U.S. 56 n.\*) (emphasis added in *Drake*). Moreover, to the extent Conte argues that the manner in which the plants were grown is more indicative of personal use, rather than distribution, he has not established that there is no comparable evidence available to him. Conte has access to samples of the plants as well as photographs of the grow. In addition, the Government contends that it did not seize the grow equipment, and Conte has not refuted that contention. Finally, based on the existing record, the Court cannot say that the Government acted in bad faith.

Conte also argues that because the Government has charged him with conspiracy to distribute and possession with intent to distribute at least 100 marijuana plants, which carries a mandatory minimum sentence of five (5) years and a maximum sentence of 40 years, the exculpatory value of the actual number of plants would have been apparent to the agents at the time of the search. *See* 21 U.S.C. § 841(b)(1)(B)(vii). In order to trigger this penalty, the Government will be required to prove beyond a reasonable doubt that there were at least 100 marijuana plants involved. Thus, the actual number of plants seized during the 2009 Search impacts the Government's ability to meet its burden of proof. Based on the current record, the Court concludes that Conte has not shown that dismissal is warranted.

However, Conte also moves for alternative remedies, such as the exclusion of secondary evidence relating to the plant count or a jury instruction. "When the government loses or destroys tangible evidence prior to trial, a motion to suppress secondary evidence, such as photographs, testimony of witnesses, etc., will be granted by the trial court if the defendant can show (1) bad faith or connivance on the part of the government, and (2) that he was prejudiced

4

1 by the loss or destruction of evidence." *United States v. Loud Hawk*, 628 F.2d 1139, 1146 (9th
2 Cir. 1979). The factors to be considered in determining whether exclusion is an appropriate
3 sanction are the "'quality of the Government's conduct and the degree of prejudice'" to the
4 defendant, "'the nature and degree of federal participation', and 'whether the government
5 attorneys prosecuting the case participated in the events leading to the loss or destruction of the
6 evidence.'" *United States v. Belden*, 957 F.2d 671, 674 (9th Cir. 1992) (quoting *Loud Hawk*,
7 628 F.2d at 1152).

8 In *Belden*, the defendant argued that the government violated his due process rights
9 when agents seized, and later destroyed, marijuana plants but introduced the number of plants
10 seized during trial, to support an increase in his offense level. The Ninth Circuit rejected that
11 argument, in part because the plants had been seized to obtain a separate search warrant and to
12 collect information for the Western States Information Network, rather than in support of a
13 prosecution. The court also relied on the fact that the agents explained their actions were in
14 conformity with standard police practice. The court held that "[t]hese circumstances do not
15 indicate bad faith on the part of the police, and thus the district court did not err in declining to
16 exclude the evidence based on a violation of due process." *Belden*, 957 F.2d at 674. In
17 contrast, in Conte's case federal agents participated in the search, which apparently was
18 conducted in support of a possible federal prosecution. In addition, there is no record that law
19 enforcement agents videotaped their count of the plants.

20 Although the Court is denying Conte's request to dismiss the indictment, the Court shall
21 reserve ruling on whether exclusion of secondary evidence or a jury instruction may be
22 appropriate in this case. Conte shall be permitted to renew his arguments regarding exclusion
23 of evidence and jury instructions in connection with the pretrial filings due on April 5, 2009, by
24 way of his motions in limine, which shall be directed at specific exhibits or testimony,
25 objections to exhibits, and briefs on disputed jury instructions.
26 //
27 //
28 //

5

**CONCLUSION**

For the foregoing reasons, Conte's Motion to Dismiss or for Suppression or for Instruction re *Trombetta* is DENIED IN PART to the extent Conte seeks dismissal of the Indictment. The Court reserves ruling on whether exclusion of secondary evidence or a jury instruction may be warranted.

**IT IS SO ORDERED.**

Dated: December 18, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE